**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VINCENT HARPER,

        Plaintiff,

v.                                                                      Case No. 3:24-cv-289-TJC-LLL

CITY OF JACKSONVILLE,

        Defendant.

_____

# O R D E R

This case, which was recently reassigned to the undersigned, is before the Court on pending motions and for review of the file.

The Court first takes up plaintiff's motion for relief from judgment under Rule 60(b) and for leave to file a second amended complaint (Doc. 66), to which defendant responded in opposition (Doc. 68).   Plaintiff moves under Rule 60(b) seeking relief from the Court's August 29, 2025 order (Doc. 53), which granted defendant's motion to extend the date for dispositive motions and trial deadlines but denied plaintiff's request to re-open discovery.   However, the Eleventh Circuit has made clear that Rule 60(b) (like Rule 59(e)) applies only "after a final, appealable judgment is entered." Hornady v. Outokumpu Stainless USA, LLC, 118 F. 4th 1367, 1379 (11th Cir. 2024).   Instead, "[w]hen, as here, a district court enters a non-final order, it should evaluate motions to

reconsider that order under the standards inherent in Rule 54(b)." Id. at 1379-80. While such motions are "committed to [the court's] sound judgment," id. at 1381, "in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." Id. at 1380. In exercising its discretion, the Court should consider "both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed since the decision was initially made." Id. at 1381.

Construing plaintiff's motion for relief from judgment as a motion for reconsideration under the standards applicable to Rule 54(b),[1] the Court declines to set aside Judge Berger's previous order denying plaintiff's motion to reopen discovery. Judge Berger's order referenced defendant's representation—which at that point stood unrebutted—that plaintiff "did not list any experts, propound written discovery, or take depositions." Doc. 53 at 5. Plaintiff now argues that he had been actively pursuing discovery, as evidenced by his efforts to depose defendant's corporate representative in January 2025 (he does not refute that he disclosed no experts and propounded no written discovery). See Doc. 66 at 1-2. But the exhibit he attaches in support reveals his apparent failure to follow up—the day plaintiff's counsel

---

[1] To the extent it isn't obvious, this standard is more generous to plaintiff than would be review under Rule 60(b).

2

was due to contact defendant's counsel to discuss the deposition topics and schedule the deposition, he failed to call. <u>See</u> Doc. 66, Ex. 2 at 3. And defendant represents that after the parties did eventually confer about that deposition some days later, plaintiff's counsel agreed to send over a revised 30(b)(6) notice but never did. <u>See</u> Doc. 68 at ¶¶ 39, 40. That is not the active pursuit of discovery. Nonetheless, if plaintiff thought Judge Berger was mistaken in her assessment of his efforts, there was no reason to wait over seven months and after the case reassignment to a new judge before raising that argument. Plaintiff further explains he needs more discovery based on newly discovered evidence procured through public records requests, "materials that were not previously available despite the exercise of reasonable diligence." Doc. 66 at 3, 4. But plaintiff did not even attempt to secure that evidence through public records requests until after Judge Berger's August 29, 2025 ruling. At that point, discovery had already been closed for over four months. <u>See</u> Doc. 15 (Case Management and Scheduling Order[2]). Moreover, the public records plaintiff filed as the "new evidence" bear dates preceding the date this case was removed to federal court. As defendant states, these documents would have been available to plaintiff through written discovery or public

---

[2] The Court notes that Judge Berger's schedule gave the parties even more time for expert disclosures and discovery than they requested. <u>Compare</u> Doc. 15 (Case Management and Scheduling Order) with Doc. 14 (Case Management Report).

records requests during the open discovery period.   Doc. 68 at ¶ 68.

In declining to reopen discovery back in August, Judge Berger already determined that doing so would prejudice the defendant and unduly delay the proceedings, costing the parties and the Court resources.   Doc. 53 at 5. Plaintiff offers nothing to rebut that determination.   This case has now been pending in federal court for over two years[3] and was due to be tried last October.   Plaintiff had eleven months to conduct discovery, which was more than he asked for.   That time expired more than a year ago.   Considering "both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed since the decision was initially made," Hornady, 118 F.4th at 1381, the Court declines to reconsider Judge Berger's August 29, 2025 Order, which it incorporates along with all other previous orders in this case.[4]

Moving on to the remaining motions, as to defendant's motion to dismiss (Doc. 54), to which plaintiff responded in opposition (Doc. 55), the Court finds the motion is due to be granted, but without prejudice to plaintiff having one

---

[3] The case was pending in state court for nearly two years before it was removed but plaintiff was proceeding pro se for much of that time and the City was not served until shortly before removing the case to federal court.

[4] Plaintiff's motion for relief under Rule 60(b) also seeks leave to file a second amended complaint (the request should have been to file a third amended complaint, not a second).   Regardless, the motion is moot as further addressed below.

4

FINAL opportunity to amend his complaint.    In filing a third amended complaint, each count must incorporate whichever factual allegations apply to that count (and no others) and must further include the necessary elements as to that cause of action.[5]    See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Bare assertions" and "formulaic recitations" of elements of a cause of action are not enough to survive Rule 12(b)(6).    Id. at 681 (citations omitted).    For example, to state a claim for retaliation under Title VII, a plaintiff must allege (among other elements) a causal connection between protected activity and the adverse action.    See, e.g., Univ. of Tex Sw. Med. Ctr v. Nassar, 570 U.S. 338, 352 (2013) ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action."); Santana v. Telemundo Network Group, LLC, No. 22-13879, 2026 WL 180272, at *8 (11th Cir. Jan. 22, 2026)[6] ("To establish causation, a plaintiff must plausibly allege facts that would show 'the decision-makers were aware of the protected conduct,

---

[5] Contrary to plaintiff's representation in his response (Doc. 55), none of the counts in his Second Amended Complaint incorporate any of the factual allegations, by reference or otherwise.    And to the extent he claims that all of the factual allegations of the Second Amended Complaint (paragraphs 13-27) are intended to be incorporated into each count, that too is problematic as not every factual allegation is relevant to every count.

[6] The Court relies on unpublished opinions as persuasive authority, not as binding precedent. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022).

and that the protected activity and the adverse actions were not wholly unrelated.'") (citing Shannon v. Bell-South Telecomms., 292 F.3d 712, 716 (11th Cir. 2002).   Plaintiff's retaliation claim contains no allegations to support a causal connection.   If plaintiff elects to file a third amended complaint, each count must meet the requirements of Rule 8 as articulated in Iqbal.[7]

Additionally, as stated above, discovery has long been closed in this case and will not be reopened.   See Order (Doc. 53) (denying plaintiff's motion to reopen discovery and discussing his failure to diligently prosecute this case). Plaintiff therefore may not add any claims that were not included in his amended complaint (Doc. 24), with the exception of the new claim for Title VII hostile work environment (Count III) as defendant states the discovery already conducted is sufficient to cover this claim so defendant will not be prejudiced by its inclusion in a third amended complaint.

Plaintiff concedes that punitive damages are not available as against the City, the only named defendant.   He therefore may not include a request for such relief in his complaint.   The Court previously ordered Jacksonville Fire and Rescue Department to be removed from the case caption.   See Order (Doc. 53).   Plaintiff may not name JFRD as a party.

---

[7] Before filing a third amended complaint, plaintiff is directed to re-read each of Judge Berger's prior orders.

6

As to plaintiff's motion for preliminary injunction (Doc. 60) (to which defendant responded in opposition (Doc. 61)), and plaintiff's amended motion for preliminary injunction (Doc. 65) (to which defendant responded in opposition (Doc. 67)), those motions are denied. As plaintiff does not yet have a viable complaint, he is unable to demonstrate a substantial likelihood of success on the merits as to any of his claims. See, e.g., Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000) (setting out four part standard necessary to secure preliminary injunctive relief). Having determined that plaintiff does not have a substantial likelihood of success on the merits, the Court need not go through each of the other requirements necessary to secure preliminary injunctive relief but notes plaintiff does not appear to meet any of them.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (construed as a motion for reconsideration under Federal Rule of Civil Procedure 54(b)) and Incorporated Motion for Leave to File Second [sic] Amended Complaint (Doc. 66) is **denied as to the request for reconsideration** and is **moot as to the request for leave to further amend** his complaint in light of the Court's other rulings.

2. Defendant's Motion to Dismiss (Doc. 54) is **granted without prejudice** to plaintiff filing a Third Amended Complaint.

7

3.      Plaintiff may file a Third Amended Complaint no later than **June 25, 2026**.   If plaintiff fails to file a Third Amended Complaint by the **June 25, 2026** deadline, the case will be dismissed without prejudice without further notice.   The Court does not intend to extend this deadline.

4.      Assuming plaintiff files a timely Third Amended Complaint, defendant shall respond no later than **July 16, 2026**.   If defendant files a motion to dismiss, plaintiff shall respond no later than **August 6, 2026**.

5.      Plaintiff's Motion for Preliminary Injunction (Doc. 60) and Amended Motion for Preliminary Injunction (Doc. 65) are **denied**.

6.      The stay of other deadlines previously ordered (Doc. 59) will remain in place.   The Court will not further schedule the case until the pleadings are settled.

**DONE AND ORDERED** in Jacksonville, Florida this 28th day of May, 2026.



Timothy J. Corrigan

TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record